IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS GUTIERREZ,<br><br>    Plaintiff,<br><br>vs.<br><br>BAYOU GRANITE & MARBLE, L.L.C. and JOHN SEEBODE,<br><br>    Defendants. | CIVIL ACTION NO.:<br><br><br><br>COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT<br>JURY TRIAL DEMANDED |

Plaintiff Carlos Gutierrez, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Jonathan M. Kirkland, files his Complaint against defendants Bayou Granite & Marble, L.L.C. and John Seebode for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

## NATURE OF THE ACTION

1. This is an action by Carlos Gutierrez ("Plaintiff") to recover unpaid overtime wages. Plaintiff was employed as a manual laborer by Bayou Granite & Marble, L.L.C. and John Seebode ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the FLSA.

2. Plaintiff seeks to recover from Defendants unpaid wages earned during the past three years, interest, liquidated damages, and attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. *Id*.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Question) and 29 U.S.C. § 216(b) ("FLSA").

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Carlos Gutierrez

5. Plaintiff Carlos Gutierrez ("Plaintiff Gutierrez") is a resident of Louisiana.

6. Plaintiff Gutierrez was hired by Defendants in approximately February of 2008.

7. Plaintiff Gutierrez worked for Defendants in Louisiana.

8. Plaintiff Gutierrez worked as a polisher.

9. From September 2016 to February 2017, Defendants paid Plaintiff Gutierrez $150 each day or approximately $13.84 to $16.66 per hour.

10. From March 2017 to January 2019, Defendants paid Plaintiff $180 each day or approximately $16.61 to $20 per hour.

11. From January 2019 to August 2019, Defendants paid Plaintiff $100 each day or approximately $9.23 to $11.11 per hour.

12. For every hour that he worked in excess of forty in any particular week, he was still paid the same hourly rate.

13. Defendants paid Plaintiff Gutierrez with checks bearing the name "Bayou Granite & Marble, L.L.C.".

14. At all relevant times, Plaintiff Gutierrez was an "employee" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Bayou Granite & Marble, L.L.C.

15. Defendant Bayou Granite & Marble, L.L.C. ("BGM") is a corporation organized under the laws of Louisiana with its principal place of business in Houma, Louisiana.

16. Defendant BGM is in the business of providing kitchen and bath remodeling services at jobsites in Louisiana.

17. Defendant BGM supervised the day-to-day work activities of Plaintiff.

18. Defendant BGM determined Plaintiff's work schedule for the employment at issue herein.

19. Defendant BGM maintains an employment file for Plaintiff.

20. Defendant BGM is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21. Defendant BGM is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant John Seebode

22. Defendant John Seebode is an owner, President, Manager, and Director of Defendant BGM.

23. At all pertinent times herein Defendant John Seebode had the authority to hire and fire BGM employees, including the Plaintiff herein.

24. At all pertinent times herein Defendant John Seebode maintained executive authority over the jobs BGM employees were provided, including the location, duration, and rate-of-pay for those jobs.

### FACTUAL ALLEGATIONS

25. Defendant BGM provides kitchen and bath remodeling services at jobsites in Louisiana.

26. Defendant BGM employs approximately 10-20 employees at various job sites.

27. Defendants paid Plaintiff by check.

28. Plaintiff normally worked more than (40) hours a week for the Defendants. Defendants often required Plaintiff to work six days per week.

29. Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

30. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COUNT I

### Fair Labor Standards Act

31. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

32. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a), and its implementing regulations, 29 C.F.R. § 778.112, by not paying Plaintiff one-and-a-half times his regular rate for all hours worked in excess of forty in a workweek from August of 2016 and continuing until August of 2019.

33. As a consequence of Defendants' FLSA violations, Plaintiff is entitled to recover his unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b. Declaring that Defendants' conduct violated the FLSA;

c. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

d. Awarding Plaintiff reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ Jonathan M. Kirkland*
_____
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Jonathan Mille Kirkland (#37937)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
jmk@beaumontcostales.com

*Attorneys for Plaintiff*